No. ——

First Circuit

---

ROSENBERG & SONS, INC., v. PAPANIA

---

(January 5, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Marriage — Par. 63, 71, 173, 175.**

The wife, having the right to be a public merchant under Article 131 of the Civil Code, is bound when she conducts business in her own name and induces innocent third parties to contract with her on her and her husband's representations, even though the business really is that of her husband.

Appeal from the Parish of Calcasieu. Hon. Jerry Cline, Judge.

Action by B. Rosenberg & Sons, Inc., against Mrs. J. D. Papania.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Plauche & Plauche, of Lake Charles, attorneys for plaintiff, appellee.

Robert R. Stone, of Lake Charles, attorney for defendant, appellant.

LECHE, J. The defendant, a married woman, who resides the city of Orange, State of Texas, was brought into the District Court for the Parish of Calcasieu, in this state, by an attachment of her separate property situated in the City of Lake Charles in said Parish of Calcasieu. The plaintiff is engaged in the wholesale mercantile business in the City of New Orleans and obtained the attachment on a claim for goods and merchandise, the correctness whereof is not questioned in this court. The defense is that the claim in suit is a community debt and therefore that defendant is not personally liable for the same.

The question then presented is a mixed one of law and fact.

Defendant conducts a store in the City of Orange, Texas, under the name of Mrs. J. D. Papania. She says that her name is used because she owns property and is thereby able to command a line of credit which her husband could not obtain. She contends, however, that the business belongs to her husband and is really community property. Mrs. Papania, however, is rated by Dun and Bradstreet as ostensible owner of the store, and both she and her husband hold her out as owner of the business. It is well known that both the Dun and Bradstreet credit ratings are largely, if not entirely, depended upon in the commerce of the country as a basis upon which credit is extended in mercantile transactions.

In the conduct of defendant's business goods are bought and sold indifferently both by the wife and the husband, but the business is held out to the world by both of them as belonging to the wife.

According to Article 131, C. C., if the wife is a public merchant, she may, without being empowered by her husband, obligate herself in anything relating to her trade and, in such case, her husband is bound also, if there exists a community of property between them. She is considered as a public merchant, if she carries on a separate trade but not if she retails the merchandise belonging to the commerce carried on by her husband.

In this case, the goods, for the price of which this suit was instituted, were furnished to supply the store conducted in the separate name of the wife and the obligation that arose related to her business.

When a wife conducts business in her own name and ostensibly for her own account, and induces innocent third parties to contract with her upon the faith of her own and her husband's representation that the business is her own, she cannot afterwards repudiate her obligation on the pretense that the business was really that of her husband. John Chaffe & Son vs. Watts, 37 La. Ann. 324.

We believe that defendant is personally liable for plaintiff's claim and that the attachment of her separate property as an absentee should be sustained. The district judge so found. His judgment is correct and should be affirmed, and it is so ordered.